**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 18-4002**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TEVIN LASHAUN COX,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:15-cr-00323-WO-3)

---

Submitted:  July 16, 2018                        Decided:  July 26, 2018

---

Before KING and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Tevin Lashaun Cox pled guilty to conspiracy to distribute cocaine base, 21 U.S.C. §§ 846, 841(b)(1)(C) (2012), and was sentenced to 151 months in prison. Cox appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court erred when it did not impose a sentence below Cox's Guidelines range but stating that there are no meritorious issues for appeal. Cox was advised of his right to file a pro se brief but has not filed such a brief. We affirm.

The district court properly calculated Cox's Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors and the arguments of the parties, and provided a sufficiently individualized assessment based on the facts of the case. In imposing sentence, the court remarked on the seriousness of the offense, which involved multiple sales of crack cocaine, as well as Cox's gang affiliation. While Cox argues that the court should have imposed a sentence below the Guidelines range, we note that the court stated that the sentence, which was at the bottom of Cox's Guidelines range of 151-188 months, was sufficient but not greater than necessary and that a lower sentence would not be appropriate. Cox's within-Guidelines sentence is presumptively reasonable, and Cox failed to rebut the presumption. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009).

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm Cox's conviction and sentence. This court requires that counsel inform Cox, in writing, of the right to petition the

2

Supreme Court of the United States for further review. If Cox requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cox. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*